Here ye, here ye. This Honorable Appellate Court for the 2nd Judicial District is now back in session. The Honorable Robert D. McLaren presides. Please be seated. Your Honor, the first case we've got this morning is 2-4-0-2-6. Eight people of the State of Illinois, Clinton Appellee, v. Stephen T. Grimmitt, defendant of Helms. Arguing on behalf of the defendants, Mr. Randy A. Johnson. Arguing on behalf of the Appellees, Ms. Claire Connelly. Thank you. Mr. Johnson, you may proceed. May it please the Court and Counsel. I'm quite sure this Court is well aware of the record in this case. Therefore, initially I want to tell the Court I stand on our arguments, authorities presented and distinguished in our initial brief, our reply brief, and also in the cases allowed to be cited as additional authority here. Your Honors, we come before the Court today with a claim of a violation of the Double Jeopardy Clause. Basically, there are two critical points in the process that the law looks at when they examine a double jeopardy question. The first one, the first critical point is when the defendant is placed in jeopardy and for what. How were you placed in jeopardy here, Mr. Johnson? My client was placed in jeopardy when the jury was sworn and impaneled and was placed in jeopardy on the charges presented at that time. But unlike Cervantes, where you can certainly distinguish that case, this case the Court found that there was not enough. She didn't testify to enough acts, but she testified to enough to find guilty, to uphold the guilty finding on counts 1, 2, 4, 9, 11, 13, and 15, but to acquit on 3, 5, 6, 10, 12, 13, and 16. Because, for instance, he touched my breast on many occasions, but then she testified to two times he touched her breast. So how is that double jeopardy to get rid of the charges that didn't meet the, that she didn't meet, he didn't meet, excuse me, she didn't meet the burden on those offenses charged? The adjudications, the final adjudication. On the charges she was found, he was found guilty on? And all the charges, except for two, which we pointed out in our brief, all the charges that were either in duplicate or in triplicate, when the Court entered those acquittals, and those other identical charges were there, those acquittals constituted acquittals on those identical charges. And then at that point, at that point. But didn't the trial court say, I find the evidence presented at trial is insufficient to prove the defendant guilty of counts 3, 5, 6, 10, 12, 14, and 16? I found the trial sufficient to prove guilty beyond a reasonable doubt of 1, 2, blah, blah, blah, blah. So he clarified that each count constituted a separate act. And the record shows that each of the 17 counts was a separate act. They didn't prove all of them. But you see, Your Honor, and this goes to our case that we recently moved and the Court approved to cite as additional authority in People v. Legrone. This Court cited People v. Crespo for the words that the indictment must indicate that the State intended to treat the conduct of defendant as multiple acts in order for multiple convictions to be sustained. The point here, Your Honor, when jeopardy attaches and where it attaches to, the State can't weave in and out as to what jeopardy is or what it's going to mean simply by the way they present the evidence. Jeopardy attaches at the time the jury is sworn on the charges the person is charged with. At the end of the road, jeopardy is concluded by the evidence. Well, then how does a prosecutor ever charge multiple sex offenses? How do you ever charge, as a prosecutor, multiple sex offenses if some of them are going to be dismissed because they weren't proven and the other ones, they were proven? That's done with jeopardy in all those cases? I think this, Your Honor. Respectfully, I don't believe. I mean, that ignores the nature of a sex case. I think the trial judge did the best that he could, but he certainly couldn't operate as an independent jury. But he did at her acquittals. Yeah. Counsel, normally the issue that you're raising is established or the error is established because the complaint or the counts, the allegations are unclear, ambiguous, vague, or they cite to things that aren't multiple acts, but then the proof at the time of trial are multiple acts. But the allegations aren't multiple acts that are contained in the counts. And it seems to me that you did an enthamine or you committed an enthamine because you presume that there aren't additional counts or additional allegations that cover a second set of identical facts. And in the process of assuming that, you therefore then conclude that since there is presumably only one set of facts that define this transaction and the trial court made a ruling on that particular transactional set of facts, that therefore the opposite conclusion has to be made as to the other counts. And that doesn't work. That is an enthamine. You're making an allegation based upon a non-stated presumption that must be included and established in order for your syllogism to be accurate. Your Honor, these facts, I believe, are true. Every offense on which my client was acquitted with the JNOVs had other offenses, same offenses, identical offenses spelled out in the indictment. Yeah, but it says May 1, 2012, through November 2, 2013. This is kind of unique to charging sex cases. Isn't it correct? Your Honor, I understand, and I understand the difficulty, and I understand the reasoning as far as wanting to prosecute on more than one offense. It would have been really simple here. The problem here was when the state drafted these indictments. They should have said count one. This is one occasion. This is one act. They should have said count two. This is a second act. Well, that's what count one and count two means. They're different acts. Isn't that implicit in the statement that you're severing or you're distinguishing the various counts by different time frames? A lot of them are the same time frame. They're the same? But that isn't that indicative of a child sex case. When kids can't remember the exact date, the statute and the case law allows it. I understand, but it still has to comport with the rules of double jeopardy. And I continue to point to Legron and Crespo as far as how these indictments have to be referenced. And these indictments were not referenced in accordance with the law. We get these cases, I would say, oh, at least 20% of our case load involves these types of cases. And they're led the same way over and over again. There are slight differences in the type of conduct, maybe the time of conduct, the place of the conduct. And those are all set aside in separate counts. That's the purpose of the counts. Because the complaint when we don't have separate counts is there's no way we can answer these, Your Honor, because we don't know what they're talking about. So that's what happens at the trial court level. And then it gets up here where we look at the separate counts as separate acts or separate issues that we have to decide. Why are we wrong in doing that? Your Honor, I'm not sure that anyone has raised the issue in the fashion that I've raised it today. Well, you think if it's this significant, if it's this big, why are you the first one to raise it in my couple of years that I've been here? Because, well, I can say this, but every single case that the State has cited against my position, my client's position, none of them involve an acquittal and a guilty finding on exactly the same charge. Well, what's wrong is that's not a double jeopardy case. That's a one-act-one-crime case, isn't it? It becomes a double jeopardy issue because after the acquittal, which concludes the jeopardy on the identical counts, because there haven't been this designation under Crespo. It's the identical language, correct, but not necessarily the identical count. Right. The language is exactly the same. There are more than one Robert in the world, okay? Yes, sir. And I think there probably is more than one Randy, okay? So, that's why I'm saying that you're in jeopardy for anything, despite the fact, okay, that there may not be only one Randy. The kicker is that the fact that the allegations are the same as far as pleadings or the significance of pleadings is, sometimes, to preserve your claim of error. When a cause of action is determined not to be a cause of action and you're allowed to plead over it, you still plead over it. You don't do it because, quote, unquote, it's an identical thing. You're doing it to preserve the order. It is identical, but it also is a step that is required in order to see to it that, quote, unquote, you haven't waived anything. Well, I think the same logic applies to this case because based upon what my colleagues have said, the fact that the language isn't the same doesn't mean that double jeopardy is applicable because there are qualifiers in each of the counts that distinguish them. But in each of the counts where there is a duplicate, except the two counts that I pointed out very clearly, in every single count where there's a duplicate or triplicate, there's an acquittal. Well, didn't defense counsel, and I don't know if you were defense counsel. I don't think so. No, I'm not. Yeah, but he argued in closing arguments that these 16 counts were 16 different acts and that they needed to find guilty on all of the 16 different acts. So the defendant wasn't surprised and thinking that these are all the same acts. His attorney said in closing, these are 16 separate acts. Therefore, you have to find 16 different actions, if you will. Your Honor, you only reach that conclusion if you buttress in the trial facts. My position, respectfully, is that when those acquittals were entered, those were adjudications of fact on all of the identically charged offenses, whether the court understood that or not. I mean, this goes back all the way back to Fong-Fu. When you have an acquittal, whether it's egregiously incorrect or not, it's still an acquittal. And that's what we have here. That's what the situation is here. Why don't we have a procedural default here? Pardon me, Your Honor? Why don't we have a procedural default here where if the attorney or the defendant is claiming there has to be 16 or 17 different findings and in compliance therewith, now you're saying that that was error and it's reversible error and apparently it's not waivable error, according to your argument, even though you haven't addressed waiver or procedural default. I believe I have addressed the issue of waiver or default by my citation to Evans v. Michigan where in Evans the State argued that the defendant waived his double jeopardy protection by moving for direct verdict. In response to that argument, the Supreme Court stated, quote, but we have recognized that most judgments of acquittal result from defense motions, so to hold that the defendant waives his double jeopardy protection whenever a trial court error in his favor on a mid-trial motion leads to an acquittal would undercut the adversarial assumption on which our system of criminal justice rests. We would vitiate one of the fundamental rights established by the Fifth Amendment. There can't be a waiver here. There can't be a default here. It's not. Was that, from what I thought I heard you say, this was in the context of a declaration of a mistrial? No, no, that was not a mistrial. That was not a mistrial. It was a motion for directed finding. The case that you just cited? Yes, Evans v. Michigan. Yes, Your Honor. And the judge granted a directed finding in Evans v. Michigan thinking that there was another element to the offense, but there really wasn't. And it went all the way to U.S. Supreme Court, and U.S. Supreme Court upheld that, upheld that acquittal. No. I'm sorry, I don't see a factual scenario or circumstances that distinguishes this scenario where someone tells a judge he has to make 16 separate findings. He makes 16 separate findings, and then on appeal, we're told that the trial court made a mistake that's not waivable. Number one, may I answer the court, even though my time is up? Sure. Number one, I think the real issue here, the real error, occurred when they staked these indictments and they didn't follow the rules. They could have been more clever in their crafting. There's no question about that. They could have been a little bit more clear in the crafting. However, again, we're talking about a sex case. The trial judge ended up with what the trial judge had. No one was thinking about double jeopardy. Defense counsel wasn't thinking about it. It just blew through here with those acquittals, our acquittals. And I respectfully ask the court to grant my client the relief that we've requested. Thank you, Your Honors. Thank you. Randy, any other questions? No. No. Thank you. No problem. May I please support counsel? Defendant's alleged name? Ms. Wesolick. Yes. State your name for the record. Oh, I'm sorry. I apologize for not addressing you as Ms. Wesolick. That's fine. Clara Wesolick, County, on behalf of the State of Illinois. Defendant in this case alleges that there was a double jeopardy violation. However, this was a sex offense, and the defendant was convicted of having committed the same type of offense on multiple occasions against the same victim, not having multiple counts based on the same act. And I think the fundamental difference that counts between counsel's analysis of this case and my analysis is how we view a double jeopardy claim. In a double jeopardy claim, we don't just look at the indictment or the information that is filed in the case. We look at, and in this case, there were separate counts. And in a child sex case, that's how these types of cases are charged. When you look at that kind of indictment, you know from those counts, those are separate acts. What you also have and what you need to look at beyond the indictment in this case is other things. For instance, the trial court's factual findings in this case. The trial court, when they considered this, what ended up being a judgment notwithstanding the verdict, the judge actually found that there were sufficient facts to sustain the verdict on the remaining counts in this case. You have trial counsel's concession in this case. He argued to the jury that the three counts of predatory criminal sexual assault were separate acts. And he conceded to the judge the sufficiency of the evidence in counts one and two for the predatory criminal sexual assault counts in particular. In order to make that maybe more clearly in the record, I suppose the prosecutor could say to the witness, all right, witness, on count one, tell me what happened. On count two, tell me what happened. How is a witness supposed to know the difference between count one and count 16? Right, and the jury's not going to have in their verdict form, they're not going to have count one, count two. They don't need to make that distinction when they do the jury instructions in this case. But what leads me to that is the jury instructions and the verdicts in this case. While the indictment, they didn't separate out first time, second time, third time when it comes to the predatory criminal sexual assault or for the aggravated criminal sexual abuse, they also separated that in the verdict form. So it was clear to the jury these were separate acts. You also have the state's opening and closing in this case where they clearly told the jury repeatedly these are separate acts. They need to find separate acts. I lay that out all on my brief. So while the defense wants you to just look, just look at the indictment, that's not what the courts have done. This court in Avendando did exactly that thing. They looked beyond three separate counts in the indictment. It was a predatory criminal sexual assault case. And they looked at the state's opening and closing arguments and that there were three separate verdict forms in that case. There are numerous cases that I should say, numerous, several cases that I've cited to in which that's what the courts have done. And there was discussion about the one act one crime cases. Those are a type of double jeopardy type claim. And even in those, even in those, in that particular case, the courts look beyond just the indictment to determine that this, to determine whether or not they are separate acts. That's exactly what they do. So that kind of case law is relevant to the extent that those are also double jeopardy cases. And the verdict wants to also separate out, well, this was after an acquittal versus after conviction. I submit the double jeopardy clause should not be interpreted differently based upon what the particular claim is. And the defendant doesn't have any case that says that's what the courts have done. Double jeopardy clause, you look at the indictment, you look at all of these other factors in determining whether or not these were separate acts. You're basically saying you look at the entire record. Correct. Correct. And that's repeatedly, that's what the courts have done in this case. And most of our double jeopardy cases come to us as subsequent proceedings. I mean, is that mandatory to the issue of double jeopardy, that we have to have another proceedings instituted to show the problem? I would say no. I mean, this was a somewhat unusual circumstance in this case. And like I said, most of the time when you have these kind of claims, you have them in terms of a one act, one crime case. Those are usually cases in which you will have the substance offense and the underlying offense and they end up, they're talking about the same type of act. And in this case, what you have is the victim in this case, especially when it comes to the counts for the predatory criminal sexual assault counts, she testified clearly that he penetrated her vagina once. She went to the bathroom. She returned. He penetrated her vagina a second time. She went to the bathroom. She came back. And then she testified that it occurred, and let me get her testimony right here, that, I'm sorry, I don't have it right in front of me. I thought I did. But she testified that it happened more than once. And it happened more than two times. And so the court found that that was not sufficient to sustain the three counts. We have to live with that. We can't attack that at this point. We understand that. But I submit I do think that that was sufficient to sustain the three counts of predatory criminal sexual assault. But in this case, she clearly testified to separate acts. Each time he penetrated her or rubbed her vagina or did the various acts in which he's charged with, those were all separate acts. And that's exactly how you charge a case of this type. So, yes. I'm sorry. Do you have a question? No. Okay. Yes, I have a question. Sure. There appears to be at least two instances where problems might arise. One is in the pleading and one is in the proof. Is that correct? Yeah. Yeah. And in this case, which was it? I submit there was no problem with the pleadings or the proof in this case for double jeopardy. As Your Honor has pointed out, when you have the separate counts of the indictment, those are an indication that those are separate acts. I'm not implying to the contrary. I just was asking for further clarification. Right. So I submit that the indictment was sufficient. But beyond the indictment, everything else in this case indicates that all of these were separate acts based on the evidence, based on the argument, based on the verdict forms in this case, based on the trial court's findings. All of this shows that these were separate acts in this case. Again, could we correct this by saying to the trial judge, when you make your decision that there's sufficient proof, tell us what that element of proof is, or is that not necessary? Well, I mean, this was a jury trial. Well, true. Yeah. We didn't have that opportunity in this case. I think what we have as an advantage in this case is that the trial court made sufficient factual findings and explained why he found that there was not sufficient evidence to sustain the verdicts that were dismissed. But in doing so, the trial court also specifically found there is sufficient evidence in these remaining counts. So we actually have that in addition to all the other evidence in this case to show that they were separate acts. Yes? I think the point that Justice Hutchinson was making, and to a certain extent the point I was making, and to a certain extent the point that you addressed but you didn't address completely, and that is that although the trial court judge made reference to the fact that there was sufficient evidence to convict based upon separate acts, the judge didn't necessarily indicate on the record what he thought that was or to the extent he didn't distinguish or specify. Because you talked in such a way that you were suggesting that he made conclusory statements rather than statements based upon facts, which would be a syllogism. Correct, correct. I think the judge made findings. I don't think the judge necessarily went into extreme detail as to how the evidence established these two particular remaining acts as opposed to the one that was, but, you know, when we look at the trial court's comments in totality, I think that's how we argue this. So, with that, the people respectfully request that the defense conviction and sentence be affirmed in this case. Thank you. Any other questions? No, thank you. I have none, thank you. Thank you. Mr. Johnson, you may rebut. Your Honors, to accept counsel's position, we would be in effect allowing the concept of double jeopardy to become nothing more than a moving target throughout a trial at the whim of the State. That can't be allowed. It just can't be allowed. Is that based upon the pleadings or the proofs or both? Based upon the pleadings and the acquittal. And the what? And the acquittals. For that reason. But we're not. I mean, by the trial judge then making his ruling on the motion notwithstanding the verdict, aren't we correcting the problem you think exists? No, because the identical charges on which my client was originally placed in jeopardy were still sitting there. Wait a minute. So double jeopardy, you can have a second prosecution for the same offense after an acquittal, right? A second prosecution for the same offense after a conviction and multiple punishments for the same offense. So where is yours fault? If the acquittals operate across the board, irrespective of how the court believed they would operate, because they are identically stated offenses, to then sentence him and convict him on the same offenses that the court just acquitted him on violates his right to be free from double jeopardy. Okay, so the child goes, says that he's penetrating her vagina. She gets up. She goes to the bathroom. She comes back. He does it again. And the court says, well, you've proved that he did it two times, but you didn't prove that he did it all the other times. So we're going to throw all of the charges out because she proved two times, but there are other charges that are the same that she didn't prove? But, Your Honor. That's why I can't wrap my brain around this. But, Your Honor, they were identically stated. They didn't follow the rule in Crespo. Had they followed the rule in Crespo, they would never be able to say, well, this jeopardy stuff is a moving target at trial based upon the evidence. It doesn't change. I had one of several pet phrases in college. And this pet phrase was, they're the same, only different. And you said just a few moments ago, if he found him guilty or not guilty across the board. And across the board, to me, means if it was across the board, then why did he continue on and make findings of fact relative to guilt as to other counts? Because I think the trial judge was looking at the proofs in the trial as opposed to sticking very strictly to the charges as they were written. That's what happened. And I think that because they were identical, those acquittals have to count on the identically charged offenses, whether the trial judge thought he was doing that or not. Whether there was any evidence or not. Pardon me, Your Honor? Whether there was any evidence or not. That's right. You're asking us to tear out portions of the record or disregard portions of the record in coming to our conclusion of an analysis of the merits of your argument as well as the response by the state. I am because I believe the Double Jeopardy Clause and the jurisprudence demands it. Do you agree with me that your argument is essentially they're the same, only different, or do you think that you can distinguish that? I'm sorry, Your Honor. The syllogism in college was they're the same, only different. And it seems to me that your argument is the same as what I just said, which is can you rationalize and determine that they aren't the same, they are different. Because if you can't do that, then if they are the same but only different, then you're making an absurd statement, which I enjoyed making in college. I believe that if you look at the evidence at trial and you focus your double jeopardy analysis on that, I believe that you're placing the focus on the wrong places. I think the focus has to be at the time the jury was impaneled and the charges were presented and then the acquittal. Are we supposed to re-weigh the evidence or are we supposed to take what the trial court related his decision was relative to the evidence? I think that the only relevant thing respectfully for this Court's consideration is that the trial court entered an acquittal based on the fact that the court did not believe the state proved the offenses beyond a reasonable doubt and those were identically charged offenses. Okay. Thank you for the conundrum. It's a very difficult case. Thank you for your attention, Your Honor. We have one other case on the call scheduled at 1 o'clock. Thank you, Your Honor. We'll be at recess.